**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CLIFFORD FAKE, | : | CIVIL ACTION NO. **3:CV-11-00227** |
| | : | |
| Petitioner | : | (Judge Kosik) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN CAMERON, et. al., | : | |
| | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

**I. Procedural Background.**

The Petitioner, Clifford Fake,  filed a Petition for Writ of Habeas Corpus on February 1, 2011, pursuant to 28 U.S.C. § 2254.  (Doc. 1).   The Petitioner, proceeding *pro se*, names as Respondents Kenneth Cameron, Warden at the Pennsylvania State Correctional Institution in Cresson, PA ("SCI Cresson"), where the Petitioner is currently confined, the District Attorney of the County of Lebanon, and the Attorney General of the State of Pennsylvania.[1]  (Doc. 1). The Petitioner paid the filing fee.  (Doc. 1).

The Court issued an Order to Show Cause on February 4, 2011, and directed the Respondents to answer to the Petition.[2]  (Doc. 4).   The Respondent filed a Response to the Petition with an attached Supplement Habeas Memo on February 24, 2011.  (Doc. 8).

---

[1] The only proper Respondent in this matter is the person who has custody of the Petitioner, Kenneth Cameron, Warden of SCI Cresson. Therefore, we recommend that the petition against the remaining named Respondents be dismissed. *See*  28 U.S.C. § 2242 & §2243. *See also Nunez v. Lindsay*, 2007 WL 706245, *1, n. 1 (M.D. Pa.)("The proper Respondent in a petition for writ of habeas corpus is the official having custody of the applicant.").

[2] Also on February 4, 2011, this Court sent Petitioner a *Miller Mason* form to complete.  (Doc. 20).  *See U.S. v. Miller*, 197 F. 3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F. 3d 414 (3d Cir. 2000).  Petitioner responded subsequently filed a Notice of Election indicating that he would like to proceed with his petition as filed.  (Doc. 6).

For the reasons set forth below, it is recommended that the Petition for a Writ of Habeas Corpus be dismissed.

## II.  Statement of Case.

The Petitioner has a lengthy history which has lead up to his recent Petition for a Writ of Habeas Corpus.  The Petitioner was charged with numerous violations of the Pennsylvania Crimes Code under multiple Docket Numbers, arising out of allegations surrounding a personal care home in which the Petitioner and his wife owned and operated.[3]  (Doc. 8, Ex. 1).

On April 18, 2006, the Petitioner pled guilty to a negotiated plea agreement.  (Doc. 8, Ex. 1 at 3).  He was sentenced on August 17, 2006 on three separate docket numbers, receiving a total aggregated sentence of twenty-two (22) years and one (1) month to fifty-eight (58) years.  (Doc. 8, Ex. 1 at 3; Appendix).

The Petitioner filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA petition") on all three (3) docket numbers, alleging ineffective assistance of counsel.  (Doc. 8, Ex. 1 at 3).  The PCRA Court dismissed the Petitioner's PCRA petition on December 22, 2008.  (Doc. 8, Ex. 1 at 4).

On January 26, 2009, the Petitioner filed a Notice of Appeal to the Pennsylvania Superior Court.  (*Id*.)  On March 2, 2010, the Superior Court issued an Order and Opinion upholding the decision of the PCRA Court.  (*Id*.)

The Petitioner filed a second PCRA petition on April 28, 2010, which was dismissed on August 2, 2010.  (*Id*.)

On September 3, 2010, the Petitioner filed a Notice of Appeal with the Superior Court.  (*Id*. at 5).  On October 29, 2010, the PCRA Court issued an Order directed the Prothonotary to transmit the Petitioner's file to the Superior Court.  (*Id*.)

---

[3] For a detailed factual account of the Petitioner's background, see the "Respondent's Memorandum in Response to Petitioner's Petition for Writ of Habeas Corpus" and the attached "Appendix."  (Doc. 8, Ex. 1 and Appendix).

The Petitioner's Appeal of his second petition PCRA petition is currently pending before the Pennsylvania Superior Court.[4]

## III.  Claims of Habeas Petition.

In his petition for a Writ of Habeas Corpus, the Petitioner raises multiple arguments including ineffective assistance of counsel, unlawful induction of a guilty plea, and the failure to review discovery and discuss defenses.  (Doc. 1 at 6).

The Respondent argues that the Petition should be dismissed because the Petitioner has failed to exhaust his administrative remedies in state court.  (Doc. 8, Ex. 1 at 7).

## IV.  Discussion.

The Petitioner's petition for a Writ of Habeas Corpus should be should be dismissed because the Petitioner has failed to exhaust his administrative remedies in state court.  Federal habeas relief is only available where state remedies have been exhausted.  28 U.S.C. § 2254(b)(1)(c), *Rose v. Lundy*, 455 U.S. 509, 515-520, 455 U.S. 509 (1982).  Thus,

> Absent exception circumstances, a habeas petition is not cognizable until the petitioner has exhausted all means of relief under state law.  28 U.S.C. § 2254 (b)(1)(A).  A petitioner "shall not be deemed to have exhausted the remedies available ... if he has the right under the law of the State to raise, by any procedure, the question presented." 28 U.S.C. § 2254(c). The policy of the total exhaustion doctrine is rooted in the tradition of comity.  The state must be given the "initial opportunity to pass upon and correct alleged violations of its prisoners' [constitutional] rights."  Exhaustion does not require that the highest state court rule on the merits of the petitioner's claims, but the court must at least be given the opportunity to review them. (Internal citations omitted).

*Alston v. Diguglielmo*, 2009 WL 2096214 (E.D. Pa. 2009). Furthermore, a petitioner has fairly presented his claim if he presented some factual and legal basis for the claim to the state courts.

---

[4] As of April 15, 2011, the Petitioner was still awaiting a decision on his appeal from the Superior Court of Pennsylvania.  *See* Superior Court of Pennsylvania Appeal Docket Sheet, Docket Number 1457 MDA 2010 at
http://ujsportal.pacourts.us/DocketSheets/SuperiorCourtReport.aspx?docketNumber=1457 %20MDA%202010.

*Id*.

The Petitioner has not shown that he has exhausted his administrative remedies.  See *Lines v. Larkins*, 208 F.3d 153, 159 (3d. Cir. 2000)(stating "A habeas corpus petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement.")  Here, the Petitioner admits that his appeal from his second PCRA petition is currently pending with the Pennsylvania Superior Court.  (Doc. 1 at 10).  "The Pennsylvania Supreme Court has stated that 'when a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief.' Pennsylvania Supreme Court Order No. 218, May 9, 2000." *Rivera-Encarnacion v. Folino*, 2009 WL 136184, *2 (M.D. Pa. 2009).  Thus, the Petitioner has failed to exhaust his remedies in state court and it does not appear that any exception applies.

> Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, *Mayberry v. Petsock*, 821 F.2d 179, 184 (3d Cir.1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir.1994); *Schandelmeier v. Cunningham*, 819 F.2d 52, 55 (3d Cir.1986).

*Brook v. Warden, Carbon County Correctional Facility,* 2011 WL 1397600 (M.D. Pa. April 13, 2011).   There is no indication that any exception is applicable in this case, nor does the Petitioner claim that any exception applies.

Therefore, the Petitioner has failed to exhaust his state court remedies and we recommend that the petition be dismissed.

**V.  Recommendation**.

Based upon the foregoing, it is respectfully recommended that the Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**) be DISMISSED without prejudice.


                              **s/ Thomas M. Blewitt**
                              **THOMAS M. BLEWITT**
                              **United States Magistrate Judge**

**Dated: May 11, 2011**

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLIFFORD FAKE, | : | CIVIL ACTION NO. **3:CV-11-00227** |
| | : | |
| Petitioner | : | (Judge Kosik) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN CAMERON, et. al., | : | |
| | : | |
| Respondents. | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **May 11, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the  disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                    **s/ Thomas M. Blewitt**
                                    **THOMAS M. BLEWITT**
                                    **United States Magistrate Judge**

**Dated: May 11, 2011**